UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FRESNO, et al.,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00104-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) OF CERTAIN DEFENDANTS AND CLAIMS<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANTS<br><br>(Doc. No.  9) |

　　　　Plaintiff Benjamin Karl Ray Bunton, a prisoner, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983.  On June 26, 2023, this Court issued a screening order on Plaintiff's First Amended Complaint.  (Doc. No. 8).  As discussed in the screening order, the Complaint states a cognizable Fourth Amendment[1] claim against Fresno City Police Officers 1, 2, and 3 for excessive use of force and a Fourth Amendment failure to intercede claim against Fresno City Police Officer 1, but no other claim.  (*Id*. at 12).  Specifically, the Court found the Complaint did not state any cognizable claim against Defendants City of Fresno Police Department, Fresno City Police Officer 4, and Roadway Inn Guard 1 and Guard 2.  (*Id*.).

---

[1] Plaintiff was not in custody at the time of the alleged use of force incident. (*See* Doc. No. 7).

   The screening order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a notice under Rule 41 that he is willing to proceed only on the claims the court found cognizable in its screening order; or (3) stand on his Complaint subject to the undersigned issuing Findings and Recommendations to dismiss the defendants and claims not cognizable.  (Doc. No. 16 at 12-13).  The screening order also advised Plaintiff to "engage in discovery to ascertain the identity of Fresno City Police Officers 1, 2, and 3 in order that the Court may order service on these Defendants."  (Doc. No. 8 at 12).  On July 11, 2023, Plaintiff filed a pleading, titled "Notice Under Rule 41 Intending to Stand of First Amended Complaint," dated July 7, 2023, signed to under penalty of perjury stating that Plaintiff was proceeding with the "Notice Under Rule 41" and "intend[s] to stand on FAC" to "proceed in the above case."  (Doc. No. 9 at 1, "Notice").

   Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment.  Fed. R. Civ. P. 41 (a)(1)(A)(i).  Here, no party has answered or moved for summary judgment.  (*See* docket).  Further, the Ninth Circuit recognizes a party has an absolute right prior to an answer or motion for summary judgment to dismiss fewer than all named defendants or claims without a court order.  *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).  In accordance with Plaintiff's Notice, City of Fresno Police Department, Fresno City Police Officer 4 and Roadway Inn Guard 1 and Guard 2 are dismissed without prejudice by operation of law.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Plaintiff's FAC will proceed on Plaintiff's Fourth Amendment claim against Fresno City Police Officers 1, 2, and 3 for excessive use of force and Fresno City Police Officer 1 for failure to intercede.  (Doc. No. 7 at 7-8).  As the Court previously advised Plaintiff, in order to serve Fresno City Police Officers 1, 2, and 3, **he must provide the Court with an amended complaint naming those officers or otherwise provide the Court with information sufficient to identify and serve these Defendants.**  Failure to provide this information could result in the undersigned recommending the case be dismissed.  *See* Fed. R. Civ. P. 4(m); *see Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013).

////

////

Accordingly, it is **ORDERED**:

1. Following Plaintiff's notice of voluntary dismissal under Rule 41(a)(1), Defendants Fresno City Police Officer 4 and Roadway Inn Guard 1 and Guard 2 are dismissed without prejudice.

2. Because Plaintiff's First Amended Complaint did not replead any of Plaintiff's initial claims against Defendants Roadway Inn & Security Company, Wal-Mart, Valero Gas Station, Pizza Hut, Motel 6, Grocery Outlet, and Auto City Car Sales, these Defendants are deemed voluntarily dismissed.[2]

3. The Clerk of Court shall correct the docket to reflect that the only remaining Defendants in this matter are Fresno City Police Officer 1, Fresno City Police Officer 2, and Fresno City Police Officer 3.

Dated:   July 28, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court previously found the claims in Plaintiff's initial Complaint against these Defendants not cognizable. (*See* Doc. No. 6). Plaintiff did not replead these claims in his FAC and they are therefore deemed waived. (*See* Doc No. 7); *see Lacey v. Maricopa Cnty.,* 693 F.3d 896, 925–28 (9th Cir. 2012) (*en banc*) (claims that are dismissed without leave to amend need not be repled in an amended complaint to preserve them for appeal, but "claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived.")