Case 1:23-cv-00104-HBK   Document 13   Filed 09/26/23   Page 1 of 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER 1, OFFICER 2, and OFFICER 3,<br><br>Defendants. | Case No. 1:23-cv-00104-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL BUT AUTHORIZING ISSUANCE OF SUBPOENA<br><br>(Doc. No. 11)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND TO COMPEL DISCOVERY<br><br>(Doc. No. 12) |

Karl Ray Bunton ("Plaintiff") is a Montana state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the Court are two motions filed by Plaintiff seeking to compel discovery or in the alternative, seeking default judgment against Defendants. (Doc. Nos. 11, 12).

On June 26, 2023, the undersigned issued a screening order finding that Plaintiff's First Amended Complaint ("FAC") stated cognizable Eighth Amendment excessive use of force claims against three City of Fresno Police Officers, who were listed as Doe Defendants in the FAC. (*See* Doc. No. 8). After Plaintiff voluntarily dismissed the remaining claims and Defendants, the Court directed Plaintiff to engage in limited discovery to ascertain the identity of the Doe

1

Defendants so that they could be served with the FAC.  (*See* Doc. Nos. 8, 10).  Plaintiff was advised that failure to amend his FAC with the true names of the Doe Defendants could result in dismissal of the action.  (Doc. No. 10 at 2).

On August 11, 2023, Plaintiff filed a Request for Sanctions Against Defendants for Withholding Information and a [sic] Injunction to Compel the Defendants to Provide Information which the Court construes as a Motion to Compel.  (Doc. No. 11).  In it, Plaintiff asserts that to identify the Doe Officers he requested from the City of Fresno ("Fresno") a copy of the police report from the incident giving rise to his claim.  (Doc. No. 11).  Fresno responded, *inter alia*, that it would not release a police report to a suspect in an ongoing investigation.  (*Id*. at 6).  Plaintiff therefore asked the Court to compel the Fresno to produce the report.  (*See id*.).  Plaintiff then filed a Notice of Additional Attempts to name Defendants and Request for Default Judgment or Order to Compel Defendants to Provide Requested Information, which the Court construes as a Motion to Compel and Motion for Default Judgment.  (Doc. No. 12).

The City of Fresno was named as a Defendant in this action but was dismissed by operation of law on July 28, 2023.  (Doc. No. 10 at 2).  Fresno is therefore not a party to this action.  A motion to compel production by a nonparty is generally premature absent prior service of a subpoena duces tecum.  *See In re Plise*, 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014) ("[I]n cases of nonparty subpoenas under Civil Rule 45, the court must first issue an order compelling the nonparty's compliance with the subpoena, and the nonparty must fail to comply with the order before any contempt sanctions can be awarded."); Fed. R. Civ. P. 45(g); *see also Anderson v. Anglea*, 2021 WL 2778519, at *1 (E.D. Cal. July 2, 2021).  Accordingly, the Court will deny Plaintiff's Motions to Compel (Doc. Nos. 11, 12) as premature.

Moreover, Plaintiff's Motion for Default Judgment is premature, as no parties have been served, and no Request for Entry of Default has been made to the Clerk of Court.  See Fed. R. Civ. P. 55(a); see also *Jackson, Jr. v. Monterey Cnty. Jail,* 2008 WL 269472, at *2 (N.D. Cal. Jan. 29, 2008), *aff'd sub nom*. *Jackson v. Monterey Cnty. Jail*, 407 F. App'x 119 (9th Cir. 2010).  Thus, the Court will also deny Plaintiff's Motion for Default Judgment as premature.

However, pursuant to Federal Rule Civil Procedure 45, the Court will authorize Plaintiff

to subpoena documents or information from Fresno that may allow him to identify the Doe defendants. If Plaintiff can identify the Doe defendants, he should file a motion to substitute the named individuals in place of the Doe defendants no later than 120 days from the date of service of this order. If Plaintiff fails to identify any of the Doe defendants, they will be dismissed pursuant to Rul4 (m) without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Compel (Doc. Nos. 11) is denied as premature, as set forth herein.
2. Plaintiff's Motion to Compel and for Default Judgment (Doc. No. 12) is denied as premature.
3. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285;
4. Plaintiff has thirty days from the date of service of this Order to complete and return form AO 88B and form USM-285;
5. Plaintiff has 120 days from the date of service of this order to file a motion to substitute named defendants in place of the Doe defendants; and
6. <u>Failure to comply with this order may result in the dismissal of the Doe defendants and/or this case pursuant to Federal Rule of Civil Procedure 4(m).</u>

Dated:   September 25, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE