UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO CITY POLICE OFFICER 1, et al.,<br><br>　　　　Defendants. | Case No.  1:23-cv-00104-HBK (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>(Doc. No. 20)<br><br>THIRTY (30) DAY DEADLINE |

　　　　Pending before the Court is Plaintiff's pleading titled "Request for Amended Complaint, Provide the Nmaes [sic] of the Defendants," filed on November 14, 2023, which the Court construes as a Motion to Amend the Complaint. (Doc. No. 20, "Motion").  For the reasons stated below, the undersigned grants Plaintiff's Motion.

**BACKGROUND**

　　　　Plaintiff is a former Montana state prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint filed under 42 U.S.C. § 1983.  (Doc. No. 7, "FAC").  On June 26, 2023 the undersigned screened Plaintiff's FAC and found that it stated cognizable Fourth Amendment excessive use of force claims against two unnamed Fresno City Police Officers, and a Fourth Amendment duty to intercede claim against a third unnamed Fresno City Police Officer. (Doc. No. 8 at 7-9).  The Court authorized Plaintiff to engage in discovery for the limited purpose

of identifying the names of the three unnamed Doe Defendants described in his FAC. (*Id*. at 12). After the Fresno Police Department ("FPD") denied Plaintiff's initial request for a copy of the relevant police report, the Court authorized the issuance of subpoenas to FPD to provide the requested information regarding the three Doe Officers. (*See* Doc. Nos. 11, 12, 13, 14).

Plaintiff subsequently filed the instant Motion, indicating that he has now obtained the names of the officers involved in the incident giving rise to the FAC, and has identified two additional officers not previously referenced in the FAC, whose names he is attempting to obtain. (Doc. No. 20 at 1). Liberally construed, Plaintiff now requests leave to file an amended complaint naming the Doe Defendants and two additional Doe officers. (*Id*.).

## APPLICABLE LAW AND ANALYSIS

**Motion to Amend**

Under Rule 15, a party "may amend its filing once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff seeks to amend the FAC to name the three Doe Defendants and to add two additional Defendants upon learning their names. (Doc. No. 20 at 1). The Court has already determined that Plaintiff's FAC adequately alleges Fourth Amendment claims against the three Doe Defendants arising out of an incident that occurred on February 10, 2022, outside of a Roadway Inn in Fresno. (*See* Doc. No. 8 at 7-9). The Court authorized Plaintiff to engage in limited discovery to determine the identities of these three officers. (*Id*. at 12). Now that Plaintiff has diligently obtained the names of those officers, the Court finds good cause to grant Plaintiff's Motion to the extent that he may name these three officers and permit service of the FAC.

Plaintiff's Motion also asserts that two additional officers were present at the scene and requests permission to amend the FAC "upon gaining these tow [sic] other offiers [sic] names." (Doc. No. 20 at 1). These officers are not referenced anywhere in the FAC, nor does the Motion allege that these additional officers violated Plaintiff's constitutional rights. (*See* Doc. No. 7). Thus, the Court does not find good cause to grant leave to amend the FAC to add Defendants.

2

In amending his FAC to add the names of the three Doe Officers, Plaintiff must only do so with respect to the claims already identified as cognizable by this Court, specifically (1) the Fourth Amendment claim for excessive use of force occurring on February 10, 2022; and (2) the Fourth Amendment claim for failure to intercede on February 10, 2022.  (*See* Doc No. 8 at 7-9.) As the Court previously advised Plaintiff, he may not change the nature of this suit by adding new, unrelated claims or defendants in his second amended complaint.  (Doc. No. 6 at 9); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Furthermore, Plaintiff must file a second amended complaint that includes all relevant allegations against each and these named Defendants.  As previously cautioned, an amended complaint supersedes the original complaint.  (See Doc. No. 6 at 9); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). This means Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Accordingly, it is **ORDERED**:

1.  Plaintiff's Motion to Amend (Doc. No. 20) is granted in part, as set forth above;

2.  The Clerk of the Court shall provide Plaintiff a civil rights complaint form;

3.  Within thirty (30) days of this order, Plaintiff shall file an amended complaint titled "Second Amended Complaint" that contains all applicable allegations against the three identified Defendants;

4.  The Second Amended Complaint shall identify the names of the three Doe Officer Defendants for which the Court previously authorized issuance of subpoenas, but may not add new Doe Defendants;

5. The failure to comply with this order will result in dismissal of this action.

Dated:  December 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE