1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   BENJAMIN KARL RAY BUNTON,                Case No.  1:23-cv-00104-HBK (PC)

12                      Plaintiff,            ORDER DISREGARDING PLAINTIFF'S
                                             NOTICE OF DISMISSAL AND SEEKING
13          v.                               CLARIFICATION

14   Fresno City Police Officer 1, et al.,   (Doc. No. 28)

15                      Defendants.          ORDER DIRECTING CLERK OF COURT TO
                                             PROVIDE COURTESY COPY OF
16                                           PLAINTIFF'S MOTION TO AMEND

17

18          Pending before the Court is Plaintiff's pleading titled "Notice of Change of Address and

19   Motion to Dismiss Without Prejudice," filed April 2, 2024.  (Doc. No. 28).  Plaintiff states that

20   when he was transferred between Montana prisons his legal papers were lost, including the names

21   of Doe Defendants that he required to file his Second Amended Complaint.  (*Id*. at 1-2).  Plaintiff

22   requests to dismiss his case without prejudice until he can recover the missing information needed

23   to file his Second Amended Complaint ("SAC").  (*Id*. at 2).

24          Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a

25   notice of dismissal before the opposing party answers the complaint or moves for summary

26   judgment.  Fed. R. Civ. P. 41 (a)(1)(A)(i).  Here, no party has answered or moved for summary

27   judgment.  (*See* docket).  Further, the Ninth Circuit recognizes a party has an absolute right prior

28   to an answer or motion for summary judgment to dismiss fewer than all named defendants or

                                             1

claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). Thus, Plaintiff may dismiss this action as a right if he so chooses.[1]

A review of the docket, however, reveals that Plaintiff previously filed the missing information needed to file his Second Amended Complaint with his November 14, 2023 Motion to Amend. Thus, in an abundance of caution, the Court will direct the Clerk of Court to provide Plaintiff a courtesy copy of his November 14, 2023 filing so Plaintiff can decide whether he wishes to voluntarily dismiss this action or file a Second Amended Complaint.

Accordingly, the Court **ORDERS**:

1. The Court DISREGARDS Plaintiff's Notice to Dismiss Without Prejudice (Doc. No. 28) and seeks clarification as to whether Plaintiff wishes to voluntarily dismiss this action or file a Second Amended Complaint,

2. No later than May 8, 2024, Plaintiff shall deliver to correctional officials for mailing, either a "Notice Under Rule 41" if he wishes to voluntarily dismiss this action without prejudice or a "Second Amended Complaint."

3. The Clerk of Court is directed to provide Plaintiff a courtesy copy of his November 14, 2023 Motion to Amend (Doc. No. 20) with this Order.

4. Plaintiff failure to timely file either a "Notice Under Rule 41" or "Second Amended Complaint" will result in the undesigned recommending the district court dismiss this action without prejudice for Plaintiff's failure to prosecute this action.

Dated:   April 8, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal without prejudice does not toll the applicable statute of limitations.