UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO POLICE OFFICER 1, et al.,<br><br>Defendants. | Case No. 1:23-cv-00104-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE[1]<br><br>14-DAY DEADLINE |

Plaintiff Benjamin Karl Ray Bunton is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends that the District Court dismiss this action without prejudice for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). On April 13, 2023, pursuant to 28 U.S.C. § 1915A the Court issued a screening order finding the Complaint failed to state a claim against any Defendants. (*See generally* Doc. No. 6). Plaintiff timely filed a First Amended Complaint. (Doc. No. 7, "FAC"). On June 26, 2023, the Court issued a second screening order finding the FAC stated cognizable

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

Fourth Amendment unreasonable use of force claims against three Doe Defendants. (*See* Doc. No. 8). Plaintiff filed a Notice indicating he wished to proceed on the claims deemed cognizable and dismiss the remaining claims and Defendants. (Doc. No. 9). The Court thereafter permitted Plaintiff to engage in discovery for the limited purpose of identifying the Doe Defendants and Plaintiff subsequently filed a Motion to Amend in which he supplied the names of the Doe Defendants. (Doc. No. 20). On December 1, 2023, the Court granted Plaintiff's Motion in part and directed him to file a Second Amended Complaint naming the Doe Defendants within 30 days. (Doc. No. 22). During this time, mail sent to Plaintiff was repeatedly returned undeliverable despite Plaintiff filing four notices of change of address. (*See* docket; Doc. Nos. 18, 21, 25, 28).

On March 3, 2024, Plaintiff filed a Motion for a Status Update stating that he had received no mail from the Court for nearly five months. (Doc. No. 23). The Court granted the Motion, providing him a courtesy copy of the docket sheet and *sua sponte* granting Plaintiff an extension of time until April 8, 2024 to file a Second Amended Complaint ("SAC"). (*See* Doc. No. 24). On April 2, 2024, Plaintiff filed a pleading titled "Motion to Dismiss Without Prejudice" which the Court construed as a Notice of Voluntary Dismissal. (Doc. No. 28). Plaintiff sought to voluntarily dismiss his case because his legal papers containing the names of the Doe Defendants had been lost during his transfer back to Montana State Prison and he was thus unable to file a SAC. (*Id*. at 2). Because Plaintiff had previously provided the names of the Doe Defendants to the Court in his Motion to Amend, the Court disregarded the Motion, provided Plaintiff a courtesy copy of the Motion to Amend, and gave Plaintiff an extension of time until May 8, 2024 to either file a SAC or confirm he wished to voluntarily dismiss his case. (Doc. No. 29). The Court expressly warned Plaintiff that "failure to timely file either a 'Notice Under Rule 41' or 'Second Amended Complaint' will result in the undersigned recommending the district court dismiss this action without prejudice for Plaintiff's failure to prosecute this action." (*Id*. at 2 ¶ 4). To date, Plaintiff has not filed any response and the time to do so has passed. (*See* docket).

////

////

**APPLICABLE LAW AND ANALYSIS**

**A. Legal Standard**

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, this Court's Local Rules, which correspond with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be

overstated.  This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's April 8, 2024 Order

4

expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (Doc. 29 at 2 ¶ 4). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor. Indeed, Plaintiff earlier indicated that he wished to voluntarily dismiss this action without prejudice. (*See* Doc. No. 28).

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of the Court randomly assign this case to a District Judge.

It is further **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

### NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: June 3, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5